# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GARY DEAN PARR, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | No. 15-1331-JWL |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a final decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance benefits (DIB) and Supplemental Security Income (SSI) benefits under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act.  42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act).  Finding the Administrative Law Judge (ALJ) did not weigh the medical opinion of one of Plaintiff's physicians and did not even acknowledge that physician provided an opinion, the court ORDERS that the decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this decision.

**I.      Background**

Plaintiff applied for DIB and SSI benefits, alleging disability beginning October 7, 2009. (R. 60, 268,[1] 274). Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits. Plaintiff argues that the ALJ erred in considering the opinion of one of his physicians, Dr. Webb.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether she applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting

---

[1] Plaintiff's "Application Summary for Supplemental Security Income" alleges his "disability began on September 1, 2007." (R. 268) (emphasis added). Plaintiff has not alleged error in this regard, so the court will address it no more. If Plaintiff believes his disability began on September 1, 2007, he can make any arguments in that regard to the Commissioner on remand.

2

Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC). 20 C.F.R. §§ 404.1520(e), 416.920(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform his

past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds that remand is necessary because the ALJ erred in considering the opinion of Dr. Webb.

## II.  Discussion

Plaintiff argues that three physicians provided medical opinions regarding Plaintiff's physical limitations:  Dr. Kindling, a non-examining state agency physician who reviewed the record; Dr. Webb, a non-treating physician who examined Plaintiff and provided a medical source statement regarding Plaintiff's capabilities and limitations; and Dr. Knackstedt, a treating physician who also provided a medical source statement regarding Plaintiff's capabilities and limitations.  (Pl. Br. 10).[2]  Plaintiff briefly

---

[2]Plaintiff's Counsel did not number the pages of Plaintiff's briefs, so the court uses the numbers provided by the software it used to open the portable document file (.pdf) documents filed in the court's Case Management/Electronic Case Filing (CM/ECF) system.                                                          Continued . . . . .

summarized each physician's opinion, and noted that the ALJ accorded little weight to Dr. Knackstedt's opinion but "did not identify, discuss, or weigh Drs. Kindling['s] or Webb's opinions." Id.  He argues that Dr. Webb's opinion is more restrictive than the RFC the ALJ assessed and she was required to consider it and explain why she did not adopt it.  Id. at 10-11.  He asserts that the error in failing to weigh Dr. Webb's opinion is not harmless because the incremental effect of Dr. Webb's opinion may have led the ALJ to assess a more limited RFC than that assessed.  Id. at 12-13 (citing Lackey v. Barnhart, 127 F. App'x 455, 458-59 (10th Cir. 2005) ("we are concerned with the necessarily incremental effect of the report on the aggregate assessment of the evidentiary record"); and Beard v. Colvin, Civ. A. No. 12-1217-JWL, 2013 WL 6588030 at *7 (D. Kan. Dec. 16, 2013) (ALJ accounted for the incremental effect of each medical opinion when he properly weighed each of eight opinions, explaining the weight accorded each and the reasons for that weight)).

The Commissioner acknowledges that the ALJ did not address either Dr. Webb's or Dr. Kindling's opinions, but argues that her analysis was thorough and the error was harmless.  (Comm'r Br. 3, 6).  She points out that both Dr. Knackstedt and Dr. Webb

---

Counsel apparently sees no problem with her procedure, because she and her firm continue to file briefs which do not have numbered pages despite this continued notation in cases in which her firm appears.  If counsel will simply print one of her briefs and in the middle portion of the printed brief attempt to quickly find a particular page--say the sixth page--she will recognize the problem presented by her procedure.  While the court itself uses electronic files and does not print the briefs to consider them, it is solicitous of those who do--including, perhaps, an appellate court reviewing this court's decision.

treated Plaintiff at the Clara Barton Medical Center[3] and that the ALJ accorded Dr. Knackstedt's opinion little weight. Id. at 4. She argues that although Dr. Webb's opinion was "slightly more restrictive" than Dr. Knackstedt's opinion, they were nearly identical, and the ALJ's rejection of a nearly identical opinion reveals she also rejected Dr. Webb's opinion. Id. at 5 (citing Lately v. Colvin, 560 F. App'x 751, 754 (10th Cir. 2014)). The Commissioner concludes, "That the ALJ did not explicitly weigh Dr. Webb's more restrictive opinion–which was authored after only two visits and was given at Plaintiff's request–was harmless." (Comm'r Br. 7).

As the parties agree, the record contains three medical opinions regarding Plaintiff's physical limitations. Yet, the ALJ mentioned only one of those opinions--Dr. Knackstedt's opinion. (R. 71). The ALJ did summarize certain treatment by Dr. Webb, but that summary only included treatment provided on September 26 and December 18, 2012--after Dr. Webb provided his opinion dated June 28, 2012. (R. 70) (citing Ex. B17F

---

[3]In a footnote to her brief, the Commissioner notes that Plaintiff referred to Dr. Webb as an examining source (a non-treating source--20 C.F.R. §§ 404.1502, 416.902), but the evidence shows he treated Plaintiff twice. (Comm'r Br. 4, n.5) (citing R. 558-61). Actually, the evidence shows Dr. Webb treated Plaintiff at least four times, on May 29, June 28, September 26, and December 18, 2012, although only two visits occurred before he provided his opinion on June 28, 2012. (R. 559-60, 579-80).

The Commissioner's purpose in making this assertion is unclear, because a treating source opinion is generally worthy of more weight and greater deference than is the opinion of a non-treating source. Doyal v. Barnhart, 331 F.3d 758, 762 (10th Cir. 2003). The significance of Plaintiff's terminology appears to be that Dr. Knackstedt treated Plaintiff more than did Dr. Webb, the ALJ evaluated Dr. Knackstedt's opinion as a treating source opinion, and Plaintiff was concerned, primarily, that the ALJ had not evaluated Dr. Webb's opinion at all.

pp. 7-8 (R. 579-80)).  The decision does not mention the earlier treatment by Dr. Webb or Dr. Webb's medical source statement.  And, it does not cite to any exhibit containing Dr. Webb's other treatment notes or his medical source statement.  Thus, in so far as can be determined from the decision, the ALJ was simply unaware of Dr. Webb's earlier treatment or of his opinion.

The Commissioner's argument that the ALJ's rejection of Dr. Knackstedt's opinion reveals that she also rejected Dr. Webb's nearly identical opinion ignores two critical factors.  First, she ignores that there is no indication the ALJ was even aware of Dr. Webb's opinion.  Second and relatedly, she ignores both that an RFC assessment is to be based on all of the record evidence, and that the decision must consider "the necessarily incremental effect" of Dr. Webb's opinion "on the aggregate assessment of the evidentiary record."  Lackey, 127 F. App'x at 459.  This case must be distinguished from this court's opinion in Beard because in that case the ALJ specifically considered and evaluated each of the medical opinions and the court was able to discern the ALJ's consideration of the incremental effect of each medical report or opinion.  2013 WL 6588030 at *7.  Here, the ALJ evaluated only one medical opinion and there is no indication that the ALJ considered the incremental effect--or any other effect--of Drs. Webb's or Kindling's opinions.

Remand is necessary for the ALJ properly to consider the medical opinions.

**IT IS THEREFORE ORDERED** that the Commissioner's decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

Dated this 28th day of September 2016, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**